# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICKI GILLMORE,

       Plaintiff,

  vs.                                                         No. CIV 09-945 WJ/LFG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S ANALYSIS
### AND RECOMMENDED DISPOSITION
### AND DISMISSING ACTION

THIS MATTER came before the Court on the Magistrate Judge's Analysis and Recommended Disposition [Doc. 22], filed September 14, 2010. The Magistrate Judge recommended that Plaintiff's motion to reverse or remand be denied and that this action be dismissed with prejudice.

Plaintiff Vicki Gillmore ("Gillmore") filed Objections [Doc. 23] to the Analysis and Recommended Disposition. The Court considered Plaintiff's Objections and conducted a *de novo* review of the Magistrate Judge's Analysis. The Court overrules the objections, accepts the Recommended Disposition, and orders that the action be dismissed with prejudice.

Plaintiff first objects to the following statement in the Analysis: "Although many of the social security or medical records indicate that Gillmore denied using drugs, she admits that she used cocaine or methamphetamines for ten years." [Doc. 22, at 3]. Plaintiff says that she cannot find

any instances in the record in which she denied her past illegal drug use.  The Court notes the following instances on the record:

At a clinic visit on January 17, 2006, Gillmore told the medical provider that she drinks some alcohol occasionally, usually beer, but "[s]he denies any drug use.  She denies any IV drug use ever." [AR 287].

At a panel independent evaluation conducted October 21, 2006, two doctors examined Gillmore and made a report of their findings.  Under "Personal Habits," the doctors noted that Gillmore "states that she does not use drugs recreationally." [AR 198].

At the administrative hearing on November 16, 2007, the ALJ noted there is a reference to cocaine and methampehtamine use in record and she asked Gillmore: "when's the last time you used either?"  Gillmore responded, "I've been clean since 1993."  Gillmore also denied the use of any other street drugs. [AR 413-14].  However, as the ALJ pointed out in her Decision, Gillmore told Dr. Louis Wynne at a consultative psychological evaluation in December 2005 that she had been admitted for a 90-day drug treatment program in 2002 or 2003, because of her methamphetamine use. [AR 326].

On April 8, 2008, Gillmore was examined by Eva C. Pacheco, M.D. at Albuquerque Rehabilitation & Rheumatology.  In her report of this visit, under the heading "Social History," Dr. Pacheco writes: "She smokes half to a full pack cigarettes per day for the last 30 years.  She denies alcohol and street drug use." [AR 135].  The doctor ordered a urine drug screen. [AR 136].

The Court finds no error in the Magistrate Judge's statement that the record includes instances in which Gillmore denied drug use.

Plaintiff further objects to the following statement in the Analysis: "While Gillmore was in alleged remission from drug use, her denial of any drug use is not accurate based on other reports."

[Doc. 22, at 15]. Plaintiff says the statement suggests recent or current illegal drug use, which is not supported by the record. However, the statement was made in a footnote and refers to the January 17, 2006 visit at which the doctor wrote, "she denies any drug use." If indeed Gillmore denied "any drug use," that would be inaccurate, given her history of abusing cocaine and methamphetamines. The Court finds no error in this statement.

Plaintiff next objects to the determination that Gillmore's mental impairment is not severe. The ALJ found that Gillmore's combination of physical impairments and depression were severe, but that her depression or mood disorder, standing alone, does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore non-severe. [AR 18].

The ALJ thoroughly reviewed the record as to Gillmore's mental impairment and the effect it has on her ability perform work activities and explained the basis for the finding of non-severity. [AR 16-18]. The Magistrate Judge described and evaluated the ALJ's finding and the support therefor, and concluded that substantial evidence supports the finding that Gillmore's mental impairment causes only minimal restrictions in work activities. Plaintiff's objections fail to convince the Court that the finding of substantial evidence was erroneous.

The Magistrate Judge noted that the ALJ determined that Dr. Wynne's diagnosis of "major depression, recurrent, severe with psychotic features, and polysubstance abuse (methamphetamine and cocaine), by history" should be given limited evidentiary weight, for the following reasons: Gillmore chose not to receive therapy or counseling since January 2005; at the time of the Wynne examination, Gillmore was not taking any antidepressants and probably had not taken any since June 2005, and even then took the medications for short durations only; Gillmore's testimony regarding her drug use or abstinence lacked credibility; and Gillmore's daily activity report and the third-party activity reports indicated no significant mental limitations. [Doc. 22, 28-19].

The ALJ did not substitute her lay opinion for Dr. Wynne's medical opinion; rather, she made a determination as to the weight to accord Dr. Wynne's opinion, based on other evidence of record. This is appropriate and does not undermine the ALJ's determination as to mental impairment, nor the Magistrate Judge's finding that the ALJ's determination was based on substantial evidence.

Plaintiff next argues that the ALJ erred in failing to take into account the "mild" limitations found in the areas of social functioning, and concentration, persistence or pace, in posing hypotheticals to the vocational expert and in making her determination as to mental RFC; and the Magistrate Judge erred in finding record support for the RFC finding and hypotheticals. As noted above, the ALJ found Gillmore's mental impairment to be non-severe in that it caused no more than minimal limitation in her ability to perform basic mental work activities. The ALJ explained that she considered the four broad functional areas set out in the disability regulations for evaluating mental disorders, and found no restrictions in any areas except those noted above – social functioning, and concentration, persistence and pace, for which she found "mild" difficulties.

In her hypotheticals, and in her RFC findings, the ALJ mentions Gillmore's mental restrictions, noting that Gillmore can "understand, remember, and carry out simple instructions and tasks in an object-focused environment." [AR 18-19, 423]. In addition, the ALJ explained that Gillmore's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms were not entirely credible. The Court finds no error in the mental RFC finding.

Plaintiff next takes issue with the ALJ's physical RFC finding and hypotheticals to the VE, arguing that the Magistrate Judge inappropriately supplemented the ALJ's deficient findings with respect to manual dexterity. In upholding the ALJ's RFC determination, the Magistrate Judge stated that the ALJ provided a thorough and thoughtful 10-page, single-spaced analysis of Gillmore's RFC.

[Doc. 22, at 33]. The Magistrate Judge further noted that there was no medical evidence on the record as to bilateral manual dexterity; rather, the references to Gillmore's upper extremities in the medical record discuss her right arm, shoulder and elbow, and restrictions on overhead lifting. The Magistrate Judge pointed out that the ALJ is not required to incorporate impairments into her hypotheticals that are not supported by the medical evidence and concluded that the ALJ did not, as Plaintiff alleges, fail to consider Gillmore's manual dexterity. Instead, the ALJ found no evidence to support a finding of limitations in that area. This objection is overruled.

Plaintiff objects to the Magistrate Judge's finding that the ALJ complied with the treating physician rule in her treatment of Dr. Davis's medical records. The ALJ explained why she gave greater weight to the opinion of the panel independent medical evaluation and rejected Dr. Davis's opinion that Gillmore "could perform no kind of work," noting that Dr. Davis's opinion in this regard is inconsistent with his own progress notes. This was appropriate. The Court finds no error in the ALJ's application of the treating physician rule.

Plaintiff next contends that the ALJ did not provide an adequate rationale for her *de minimis* reaching limitation. The ALJ found that Gillmore is limited in overhead reaching to no more than occasional reaching with her dominant right upper extremity. In support of this finding, the ALJ refers to record evidence:

> I note that the panel recommended that Claimant avoid using her right arm above 90 degrees. This would appear to be inconsistent with occasional overhead reaching, which I have included in the residual functional capacity I determined. However, Ms. Gillmore testified that she does reach overhead with her right upper extremity, but that she cannot do so for long. I find this to be consistent with no more than occasional overhead reaching. Furthermore, . . . the consultative reviewers opined that Ms. Gillmore could reach overhead occasionally . . . [and] [t]his is consistent with what Claimant testified she does.

[AR 26-27].

Gillmore's initial testimony at the hearing was that she could not do any overhead lifting; she then corrected herself to say "hardly at all." [AR 399]. While Plaintiff complains that the ALJ's finding of a capacity to reach overhead occasionally is a "tortured" reading of the record evidence, the Court does not agree; Gillmore's testimony when combined with the overall record evidence supports the finding of the ALJ and its affirmance by the Magistrate Judge.

Plaintiff next objects to the Magistrate Judge's determination that the ALJ's standing/walking RFC finding is proper. The ALJ found that Gillmore can stand or walk for two hours out of an eight-hour work day but should not stand or walk for more than 15 minutes at a time. [AR 18]. The Magistrate Judge found that this assessment was based on substantial record evidence, including medical care providers' clinical observations of Gillmore's ability to walk. There was no error in this finding.

Plaintiff next contends that the ALJ erred in failing to include in her hypothetical a less-than-sedentary RFC with respect to the standing/walking limitations. This is incorrect. The ALJ included the same standing/walking limitation in her hypothetical as that which she reported in her Decision; *i.e.,* standing or walking for two hours out of an eight-hour day, but no standing or walking for more than 15 minutes at a time. [AR 422]. This objection is overruled.

Finally, Plaintiff objects to the Magistrate Judge's approval of the ALJ's credibility finding, arguing it is "mostly based on unfounded, uniformly negative suppositions and inferences derived from the absence of evidence instead of evidence.: [Doc. 23, at 9]. Plaintiff does not cite any examples of these allegedly unfounded suppositions and inferences.

The record supports the ALJ's finding that Gillmore is not entirely credible. For example:
The ALJ noted that although Gillmore reported to various medical providers that she has a

history of schizophrenia and bilpolar disorder, the record contains no such diagnoses from an acceptable medical source. In addition, when Gillmore was referred for a mental health appointment after telling a family health provider that she suffered from these two conditions, she failed to follow through with that referral. [AR 16-17, 20].

Gillmore claims to suffer from severe depression with psychotic features, but she has received no counseling or psychotherapy since January 2005 and has not taken any psychotropic medication since June 2005 other than a two-month course of Cymbalta. [AR 17].

Gillmore testified at the hearing that she had not used methamphetamine or cocaine since 1993, but she told a medical care provider in December 2005 that she was admitted to a 90-day drug treatment program three years earlier for her methamphetamine use. [AR 17].

Gillmore testified at the hearing that she has used a cane since 1999; however, there are no observations in the medical records that she used a cane to ambulate, nor that any medical care provider prescribed one, and clinical observations of Gillmore's ability to ambulate, as reflected in the medical records, are unremarkable. [AR 19-20].

Gillmore failed to attend prescribed physical therapy sessions, making her appointments only two out of six times in April 2006; however, she told the independent medical panel that she was initially seen twice a week, then once a week, then once every other week [AR 24].

The Court agrees with the Magistrate Judge that the ALJ's credibility finding is supported by the evidence of record.

In sum, all of Plaintiff's objections are overruled.

### Order

IT IS THEREFORE ORDERED that the Analysis and Recommended Disposition of the United States Magistrate Judge is adopted by the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reverse or Remand [Doc. 17] is denied, and this action is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE